IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| FRANK GARRISON, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> U.S. DEPARTMENT OF EDUCATION, *et al.*, <br><br> Defendants. | CIVIL ACTION NO.: 1:22-cv-1895 |

**PLAINTIFFS' MOTION FOR CLASS CERTIFICATION**

Plaintiffs respectfully move for class certification pursuant to Federal Rule of Civil Procedure 23(a) and (b)(2).

**I.      FACTUAL BACKGROUND**

In August 2022, Defendants announced that they would enact a one-time loan cancellation program in early October. On September 27, Plaintiff Frank Garrison filed suit in this Court, seeking emergency injunctive relief. ECF No. 1. Defendants subsequently excluded Plaintiff Garrison from the loan cancellation program to escape judicial review. ECF No. 13. On September 29, the Court denied Plaintiff Garrison's motion for temporary restraining order without prejudice and allowed Plaintiff until October 10 to amend his complaint. ECF No. 16. Plaintiff Garrison, joined by Plaintiff Noel Johnson, has now amended his complaint to allege a class action and now moves to certify the class.

**II.     PROPOSED CLASS**

Plaintiffs request that the Court certify the following class for which they seek declaratory and injunctive relief:

1

Any person:

    1.    residing in Indiana, Wisconsin, North Carolina, Minnesota, Missouri, or Arkansas,

    2.    with federally held student loans,

    3.    whose income (or, if he was a dependent at the time, whose parent's or guardian's income) qualifies him for the challenged student loan forgiveness program (in either 2020 or 2021, income was less than $125,000 for single or married filing separately, or less than $250,000 for married filing jointly or head of household), and

    4.    who has participated in an income-driven repayment program or filed a FAFSA form disclosing that income, and

    5.    who will seek statutory loan forgiveness through programs such as income-driven repayment or Public Service Loan Forgiveness.

### III.    ARGUMENT

#### A.    The proposed class satisfies Rule 23(a)

##### 1.    Numerosity

Rule 23(a)(1) requires that "the class [be] so numerous that joinder of all members is impracticable." No specific number of class members is required, but 151 class members is "[c]ertainly . . . a sufficient number." *Swanson v. Am. Consumer Indus., Inc.*, 415 F.2d 1326, 1333 (7th Cir. 1969). Even 40 people is generally sufficient to meet the requirement. *Anderson v. Weinert Enters., Inc.*, 986 F.3d 773, 777 (7th Cir. 2021). "Furthermore, a finding of numerosity can be based on common sense assumptions," such as when "a nationwide field of potential class members [is] large." *Oplenchski v. Parfums Givenchy, Inc.*, 254 F.R.D. 489, 495 (N.D. Ill. 2008). The proposed class is clearly too numerous for joinder to be practicable. Defendants estimate that 8 million of 40 million eligible borrowers, or 20%, will receive automatic loan cancellation (with

opt out) (Criteria 2–4 of the proposed class). Ex. 1, at 2 ("[O]ver 40 million borrowers are eligible"); Ex. 2, at 8 ("[W]e have income data on hand for around 8 million borrowers. These borrowers will get the relief without applying, unless they choose to opt out[.]"). They further estimate that there are 856,400 eligible borrowers in Indiana; 1,190,500 in North Carolina; 685,100 in Wisconsin; 729,700 in Minnesota; 777,300 in Missouri; and 365,600 in Arkansas; totaling 4,604,600 eligible borrowers in these states (Criterion 1 of the proposed class). Ex. 1, at 3–5. Given that 20% of eligible borrowers will receive automatic loan cancellation (with opt out), we can expect approximately 920,920 borrowers in these states to receive automatic cancellation (Criteria 1–4 of the proposed class).

Even if only some percentage of those eligible borrowers participate in income-driven repayment programs or Public Service Loan Forgiveness (Criterion 5 of the proposed class), the proposed class is obviously larger than 151 individuals, which "[c]ertainly" satisfies numerosity. *Swanson*, 415 F.2d at 1333. And in fact, it is very likely that a large portion of those 920,920 borrowers with automatic cancellation participate in income-driven repayment programs because such participation is part of what determines who will receive automatic loan cancellation in the first place. Ex. 2, at 9 ("We'll use [FAFSA] and income-driven repayment application information to identify borrowers—or, as appropriate, parents—who have submitted income data for tax years 2020 or 2021.").

### 2. Commonality

Rule 23(a)(2) requires that there be "questions of law or fact common to the class." A "single" common question that is "central to the validity of each claim" is sufficient. *Bell v. PNC Bank, Nat. Ass'n*, 800 F.3d 360, 374 (7th Cir. 2015). "What matters to class certification . . . [is] the capacity of a class wide proceeding to generate common answers[.]" *Id.* (simplified). Unless

class certification is sought under Rule 23(b)(3), the common question need not "predominate" over questions affecting individual members. *Id.* at 376.

Whether Defendants' loan cancellation is lawful under the HEROES Act and the non-delegation doctrine is a common question across the proposed class. Furthermore, that question is central to each proposed class member's claim against Defendants, because it determines whether the loan cancellation policy should be enjoined, preventing each proposed class member's state-tax liability from increasing.

### 3. Typicality

"A plaintiff's claim is typical if it arises from the same event or practice or course of conduct that gives rise to the claims of other class members and is based on the same legal theory." *Lacy v. Cook Cnty. Ill.*, 897 F.3d 847, 866 (7th Cir. 2018) (simplified). The commonality and typicality requirements "tend to merge." *Id.* (simplified).

Plaintiffs' claims are typical because they arise from Defendants' loan cancellation policy, which will be applied across the proposed class. Furthermore, the claims are typical because the policy is unlawful for the same reasons for each proposed class member, to wit, because the policy is not supported by statute and is forbidden by the Constitution.

### 4. Adequacy

Rule 23(a)(4) requires that "the representative parties will fairly and adequately protect the interests of the class." Adequacy of representation requires the adequacy of both the named plaintiff's counsel and the representation's protection of class members' distinct interests. *Ret. Chi. Police Ass'n v. City of Chi.*, 7 F.3d 584, 598 (7th Cir. 1993). That is, the plaintiff's counsel must be experienced and capable, and class members may not have "antagonistic or conflicting claims." *Id.* (simplified).

Plaintiffs' counsel is adequate. The proposed class would be represented by Pacific Legal Foundation, a nonprofit, tax-exempt, California corporation established in 1973 for the purpose of litigating matters affecting the public interest. PLF is the most experienced public-interest legal organization defending the constitutional principle of separation of powers in the arena of administrative law. PLF's attorneys have participated as lead counsel or counsel for amici in several cases involving the role of the Judicial Branch as an independent check on the Executive and Legislative branches under the Constitution's Separation of Powers. See, e.g., *Lucia v. SEC*, 138 S. Ct. 2044 (2018) (SEC administrative-law judge is "officer of the United States" under the Appointments Clause); *U.S. Army Corps of Eng'rs v. Hawkes Co.*, 578 U.S. 590 (2016) (judicial review of agency interpretation of Clean Water Act); *Sackett v. EPA*, 566 U.S. 120 (2012) (same); *Rapanos v. United States*, 547 U.S. 715 (2006) (agency regulations defining "waters of the United States").

Lead counsel for Plaintiffs, Caleb Kruckenberg, has represented clients as lead counsel in numerous regulatory challenges under the Administrative Procedure Act, including complex challenges with nationwide effect. *See, e.g.*, *Michigan Assoc. of Public School Academies, et al., v. U.S. Dept. of Education, et al.*, 1:22-cv-00712 (W.D. Mich.) (challenge to ED rule for charter school grant funding); *John Doe, et al., v. U.S. Dept. of Justice, et al.*, 5:22-cv-00855 (C.D. Cal.) (challenge to final rule implementing sex offender registration requirements); *Duke Bradford, et al., v. U.S. Dept. of Labor, et al.*, 1:21-cv-3283 (D. Colo.) (challenge to minimum wage rule), *rule enjoined by* No. 22-1023 (10th Cir.).

Mr. Kruckenberg will be assisted by PLF attorneys who have litigated cases, including at least one class action, involving the separation of powers and the non-delegation doctrine. *See, e.g.*, *Skyworks, Ltd. v. Centers for Disease Control and Prevention*, 524 F.Supp.3d 745 (N.D. Ohio

5

2021); *Tiger Lily, LLC v. Dep't of Hous. and Urb. Dev.*, 5 F.4th 666 (6th Cir. 2021); *Alabama Ass'n of Realtors v. Dep't Health and Hum. Servs.*, 141 S. Ct. 2485 (2021); *Murphy v. Raimondo*, No. 22-cv-5377 (W.D. Wash.).

Plaintiffs' interests are aligned with those of the putative class because they will suffer the same injuries, from the same action taken by the same defendants as each member of the putative class. The proposed class members do not present conflicting claims, because the requested injunctive relief would provide relief to each member.

**B.      The proposed class satisfies Rule 23(b)(2)**

A plaintiff class may be certified under Rule 23(b)(2) where the defendant "has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." This pathway to certification applies when "a single injunction or declaratory judgment would provide relief to each member of the class" rather than when "each individual class member would be entitled to a different injunction or declaratory judgment." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 360 (2011). Here, Plaintiffs challenge Defendants' loan cancellation policy, which applies generally to the entire proposed class. Thus, a single injunction would provide relief to the entire class.

**C.      Discovery for class certification is unnecessary**

Defendants possess all the information relevant for class certification, so discovery for class-certification purposes is not necessary. If discovery is necessary before the Court can rule on this Motion and given that relevant information concerning class certification is already in Defendants' possession, the Court could, if necessary, permit limited discovery to determine with more specificity the facts it identifies as relevant to class certification. *Oppenheimer Fund v. Sanders*, 437 U.S. 340, 351 n.13 (1978) (noting the availability of discovery "to illuminate issues

upon which a district court must pass in deciding whether a suit should proceed as a class action under Rule 23"). Plaintiffs reserve the right to supplement this Motion after conducting discovery related to class certification as needed or ordered. But Plaintiffs do not request pre-class-certification discovery at this time.

### D. Undersigned counsel should be appointed as class counsel

For the reasons discussed above and those stated in undersigned's declaration, see Ex. 3, Kruckenberg Decl. ¶¶ 1-11, the Court should appoint undersigned as class counsel pursuant to Rule 23(g).

## IV. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully move for class certification under Rule 23.

DATED: October 10, 2022.

Respectfully submitted,

*/s/ Caleb Kruckenberg*
**CALEB KRUCKENBERG***
Pacific Legal Foundation
3100 Clarendon Blvd, Suite 610
Arlington VA 22201
Telephone: 202-888-6881
incominglit@pacificlegal.org

**MICHAEL POON***
Pacific Legal Foundation
555 Capitol Mall, Suite 1290
Sacramento, California 95814
Telephone: (916) 419-7111
incominglit@pacificlegal.org

*Admitted Pro Hac Vice*
*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

The undersigned hereby certify that on October 10, 2022, I electronically filed the foregoing document with the Clerk of the Court via the CM/ECF system, which will cause a copy to be served upon counsel of record.

*/s/ Caleb Kruckenberg*
**CALEB KRUCKENBERG\***
Pacific Legal Foundation
3100 Clarendon Blvd, Suite 610
Arlington VA 22201
Telephone: 202-888-6881
incominglit@pacificlegal.org
