UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| FRANK GARRISON, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | 1:22-cv-01895-RLY-TAB |
| ) | |
| U.S. DEPARTMENT OF EDUCATION, ) | |
| *et al.*, ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS' MOTION FOR AN EXTENSION OF TIME TO RESPOND TO PLAINTIFFS' MOTION FOR CLASS CERTIFICATION**

Defendants respectfully request that the Court extend their October 24, 2022 deadline to respond to Plaintiffs' motion for class certification, ECF No. 24, by 29 days until November 22, 2022. Good cause exists to grant the motion because the requested extension would promote judicial economy, facilitate the efficient management of this case, and accommodate undersigned counsel's competing litigation demands without prejudicing Plaintiffs.

This lawsuit was initiated on September 27, 2022. ECF No. 1. Two days later, on September 29, 2022, the Court denied Plaintiff Frank Garrison's emergency motions for temporary restraining order and preliminary injunction, granted him leave to file an amended complaint, and questioned whether "he (and any additional plaintiffs) have standing." ECF No. 16. Plaintiffs filed an amended complaint on October 10, 2022, that retains Frank Garrison as a named Plaintiff and adds an additional plaintiff, Noel Johnson. *See* ECF No. 23 ("Am. Compl."). Both Mr. Garrison and Mr. Johnson claim that they will be harmed if Defendants provide them automatic loan relief pursuant to the policy challenged in this action. *See* ECF No. 25-1.

In response, Defendants moved to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1), ECF No. 30, and filed a consolidated brief supporting that motion and opposing Plaintiffs'

1

emergency motions on October 18, ECF No. 31.  In that brief, Defendants argued that the Court lacks subject-matter jurisdiction because Plaintiffs have failed to demonstrate standing.  *See id.* at 9-16.  Plaintiffs' motions for emergency relief are now fully briefed and ripe for decision, and Defendants' motion to dismiss will be briefed as needed over the next few weeks.  *See* Reply Mem. in Supp. of Pls.' Mot. for Prelim. Inj. at 1 n.1, ECF No. 33 (noting that Plaintiffs will file a response to Defendants' motion to dismiss "in due course" and "[i]f appropriate").

Concurrent with their amended complaint and emergency motions, Plaintiffs also filed a motion for class certification.  ECF No. 24 ("Class Cert. Mot.").  They seek to certify a class consisting of "[a]ll persons who qualify for ED's impending automatic loan cancellation and reside in states imposing income tax obligations for any amount of debt cancelled under ED's policy," Am. Compl. ¶ 95, who "will seek statutory loan forgiveness through programs such as income-driven repayment or Public Service Loan Forgiveness," Class Cert. Mot. at 2.  Under Local Rule 7-1(c)(3), Defendants' response to the class certification motion is currently due on Monday, October 24.

Defendants respectfully submit that a modest 29-day extension of that deadline is warranted.  This is a relatively new case.  It was filed on September 27, and Plaintiffs filed their amended complaint, renewed motions for emergency relief, and motion for class certification only ten days ago on October 10.  During that period of time, and on top of other competing litigation demands, undersigned counsel has been occupied with preparing a response to the emergency motions, which was filed on October 18, ECF No. 31, and preparing responses to time-sensitive emergency motions in other litigation challenging the same policy at issue here, among other work responsibilities.  *See* Defs.' Mem. in Opp'n to Pls.' Mot. for Prelim. Inj., *Nebraska v. Biden*, 4:22-cv-1040-HEA (E.D. Mo. Oct. 7, 2022), ECF No. 27; Defs.' Opp'n to Pls.' Mot. for Prelim. Inj., *Brown v. U.S Dep't of Educ.*, No. 4:22-cv-00908-P (N.D. Tex. Oct. 19, 2022), ECF No. 24.  Defendants' requested extension would balance these and other upcoming litigation demands and allow undersigned counsel for Defendants

2

to prepare a class certification opposition brief that gives due consideration to the important issues presented.

The requested extension would also be the most efficient course given the current procedural posture. The parties have already briefed several issues important to the Court's resolution of this case, and Plaintiffs' emergency motions and Defendants' motion to dismiss are pending at this time. Defendants' requested extension would allow additional time for the Court to consider these issues and potentially provide significant guidance on the scope and direction of further proceedings, including Plaintiffs' ability to pursue their claims on a class basis. Because additional time would potentially obviate the need for the parties to address, and the Court to resolve, duplicative legal and factual issues, Defendants' requested extension would promote efficiency and judicial economy.

Finally, Plaintiffs will not be prejudiced by the requested extension. As noted above, Defendants have moved to dismiss based on Plaintiffs' failure to demonstrate standing. "Jurisdiction over a putative class depends on the named plaintiffs' standing," *Castillo v. Unilever U.S., Inc.*, 2022 WL 704809, at *2 (N.D. Ill. Mar. 9. 2022), and as the Seventh Circuit has emphasized, "if a class representative lacks standing at the time the complaint is filed, the entire class action should be dismissed." *Sherman v. Koch*, 623 F.3d 501, 506 (7th Cir. 2010); *see also Kohen v. Pac. Inv. Mgmt. Co. LLC*, 571 F.3d 672, 676 (7th Cir. 2009) ("*Before* a class is certified, . . . the named plaintiff must have standing."); *Walters v. Edgar*, 163 F.3d 430, 432-33 (7th Cir. 1998) (similar). If Plaintiffs lack standing, then they have no basis to pursue a class action in the first place, and they are not harmed by a delay in the resolution of their motion for class certification. Indeed, for this reason, courts sometimes deem it appropriate to stay consideration of a motion for class certification pending the resolution of a motion to dismiss. *See, e.g., Reid v. Unilever U.S., Inc.*, 964 F. Supp. 2d 893, 901 (N.D. Ill. 2013); *McReynolds v. Merrill Lynch & Co., Inc.*, 694 F.3d 873, 879 n.4 (7th Cir. 2012); *see also Curtin v. United Airlines, Inc.*, 275 F.3d 88, 92-93 (D.C. Cir. 2001) (noting that resolving claims through a dispositive

motion to dismiss "spares both the parties and the court a needless, time-consuming inquiry into certification").

For all these reasons, Defendants respectfully request that the Court extend their deadline to respond to Plaintiffs' motion for class certification until November 22, 2022. Defendants have conferred with Plaintiffs' counsel, who opposes the relief requested in this motion and opposes any extension of Defendants' deadline for filing a response to Plaintiffs' class certification motion.

Dated: October 20, 2022 

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

MARCIA BERMAN
Assistant Branch Director

*/s/ R. Charlie Merritt*
R. CHARLIE MERRITT
Trial Attorney (VA Bar # 89400)
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW
Washington, DC 20005
(202) 616-8098
robert.c.merritt@usdoj.gov

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on October 20, 2022 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will automatically serve a copy to all counsel of record.

*/s/ R. Charlie Merritt*
R. Charlie Merritt