## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| FRANK GARRISON, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> U.S. DEPARTMENT OF EDUCATION, *et al.*, <br><br> Defendants. | CIVIL ACTION NO.: 1:22-cv-1895 |

## NOTICE OF APPEAL

Plaintiffs Frank Garrison and Noel Johnson, on behalf all those similarly situated, hereby appeal, pursuant to 28 U.S.C. § 1291, to the United States Court of Appeals for the Seventh Circuit from the memorandum and order of the district court, entered on October 21, 2022 (ECF Nos. 36 and 37), dismissing Plaintiffs' Amended Complaint and entering final judgment in favor of Defendants and against Plaintiffs.

DATED: October 21, 2022

Respectfully submitted,

*/s/ Caleb Kruckenberg*
**CALEB KRUCKENBERG***

*/s/ Michael Poon*
**MICHAEL POON***

*\*Pro Hac Vice*
*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

I certify that on this day, October 21, 2022, I served copies of the foregoing on counsel of record for all Defendants using the Court's CM/ECF system.


*/s/ Caleb Kruckenberg*
**CALEB KRUCKENBERG**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| FRANK GARRISON on behalf of himself and | ) | |
| all others similarly situated and | ) | |
| NOEL JOHNSON on behalf of himself and all | ) | |
| others similarly situated, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 1:22-cv-01895-RLY-TAB |
| | ) | |
| U.S. DEPARTMENT OF EDUCATION and | ) | |
| MIGUEL CARDONA in his official capacity | ) | |
| as U.S. Secretary of Education, | ) | |
| | ) | |
| Defendants. | ) | |

**ENTRY DISMISSING PLAINTIFFS' AMENDED COMPLAINT**

Plaintiffs Frank Garrison and Noel Johnson allege they will be injured by how the

Indiana Revenue Code treats certain types of debt forgiveness.  To remedy the problem

of an increased state tax burden, Garrison and Johnson sue the Federal Government.  But

the Federal Government's student loan relief program did not injure them.  The State's

legislative decision did.  Thus, the injury-in-fact is not fairly traceable to the

Defendants—the United States Department of Education and Miguel Cardona, the

Secretary of Education.  As Garrison and Johnson do not have standing, the court is

obligated to **DISMISS** the amended complaint (Filing No. 23).

## I.    Background

Plaintiff Frank Garrison is a Pell Grant recipient who has taken out federal student

loans.  (Filing No. 4-2, Garrison Decl. ¶ 2).  To pay back his student loans, Garrison

1

utilizes an income-driven repayment program and intends to seek forgiveness of his student loans through the Department of Education's Public Service Loan Forgiveness ("PSLF") plan.  (*Id.* at ¶¶ 5, 10).

Under income-driven repayment programs, a student loan borrower contributes a standard portion of their income toward outstanding loans.  20 U.S.C. §§ 1087e(d), 1098e.  These plans only last for a set period, after which any remaining balance is forgiven.  34 C.F.R. § 685.209 (setting loan forgiveness period at 20 years).  Under the PSLF plan, borrowers who make a qualifying number of payments while working in public service will have remaining balances forgiven.  20 U.S.C. § 1087e(m).

On August 24, 2022, the Department of Education announced that it would cancel $10,000 of federally held student debt for unmarried borrowers who made less than $125,000 per year.  (Filing 25-3, Ex. 1 Debt Relief Plan at 2).  Pell Grant recipients like Garrison would receive $20,000 dollars of benefit.  (*Id.*).  These benefits apply automatically to borrowers the government has data on unless those borrowers opt out.  (Ex. 1 at 3 ("[Eight] million people for whom we have data . . . will get the relief automatically.")).  As an unmarried individual with an annual income below $125,000, Garrison submits he would have automatically received debt relief.  (Garrison Decl. ¶ 3).

Indiana, however, will treat these federal benefits as taxable income.  Ind. Code § 6-3-1-3.5(a)(30).  Accordingly, when $20,000 of his loans are automatically forgiven, Indiana will tax Garrison approximately $1,000 dollars more than before he received relief.  (Garrison Decl. ¶ 18).  Not wanting to pay Indiana more than necessary, Garrison brought suit against the Secretary of the Department of Education and the Department

2

itself.  (Compl. ¶¶ 2–5; Am. Compl. ¶¶ 6–9).  He sought a temporary restraining order to prevent the Department of Education from implementing student debt relief plan.  (Filing 4, Motion for Temporary Restraining Order).

On September 29, the court held a telephonic scheduling conference.  (Filing No. 12).  Prior to that conference, the Department of Education opted Garrison out of the loan forgiveness program which prevented Garrison from establishing irreparable harm. (Filing No. 13, Notice from Defendants).  The Department of Education also created an opt-out provision that would allow other individuals who would otherwise automatically receive relief to opt-out of the program.  (Filing No. 31-1, Kvaal Decl. at 28).  During the conference, Plaintiff orally requested leave to amend his complaint, which the court granted.  Following the conference, the court denied the motions for a temporary restraining order and preliminary injunction without prejudice.  (Filing No. 16).  That denial was without prejudice pursuant to the parties' agreement.  (*Id.*).

Plaintiffs then filed an Amended Complaint on October 10, 2022.  (Filing No. 23). In this Amended Complaint, Garrison added an additional Plaintiff, Noel Johnson, who is in a materially identical position as Garrison was before the Department of Education opted Garrison out of the relief program.  (Am. Compl. ¶¶ 78–91 (describing Johnson as an Indiana resident and a public interest employee pursuing PSLF forgiveness with a household income of less than $125,000 per year)).  The Amended Complaint also alleges the beginnings of a class action suit for a putative class of "[a]ll persons who qualify for . . . impending automatic loan cancellation and reside in states imposing tax obligations for any amount of debt cancelled."  (*Id.* at ¶ 95).  Plaintiffs then moved for a

temporary restraining order (Filing No. 26), a preliminary injunction (Filing No. 25), and to certify this class (Filing No. 24).

## II.   Legal Standard

A court has an "independent duty" to investigate its own subject matter jurisdiction. *Dexia Crédit Loc. v. Rogan*, 602 F.3d 879, 883 (7th Cir. 2010).  These potential jurisdictional problems "must" be addressed "at whatever point they arise in the proceedings." *United States v. Furando*, 40 F.4th 567, 579 (7th Cir. 2022) (quoting *George v. Islamic Rep. of Iran*, 63 F. App'x 917, 918 (7th Cir. 2003)).  Article III standing is one of those jurisdictional problems. *Bazile v. Fin. Sys. of Green Bay, Inc.*, 983 F.3d 274, 278 (7th Cir. 2020).  Providing "notice and a hearing or an opportunity to amend" is preferred, but a court may dismiss the case immediately if it determines the jurisdictional "defect is incurable."[1] *Furando*, 40 F.4th at 579 (quoting *George*, 63 F. App'x at 918).

Ultimately, the plaintiff "bears the burden of establishing" standing. *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016).  Where the case is at the pleading stage, the plaintiff need "clearly . . . allege facts demonstrating" they are the "proper party to invoke judicial resolution of the dispute." *Warth v. Seldin*, 422 U.S. 490, 518 (1975).  "That a suit may be a class action . . . adds nothing to the question of standing." *Simon v. E. Ky. Welfare Rts. Org.*, 426 U.S. 26, 40 n.20 (1976).

---

[1] The Plaintiffs were made aware of possible jurisdictional deficiencies, given an opportunity to amend, amended their complaint, and briefed this issue.  (*See* Filing Nos. 13 (explaining possible standing issues and granting leave to amend), 23 (Am. Compl.), 25 at 6–10 (Pls.' Br.)).

## III.    Discussion

Garrison and Johnson do not have standing because their injury is not traceable to the Department of Education or Secretary Cardona.  Because this defect is incurable,[2] the court must dismiss the Amended Complaint.

The Article III standing requirement that triggers a federal court's jurisdiction is "founded in concern about the proper—and properly limited—role of the courts in a democratic society." *Warth*, 422 U.S. at 498.  "No principle is more fundamental to the judiciary's proper role in our system of government than the constitutional limitation of federal-court jurisdiction to actual cases or controversies." *Raines v. Byrd*, 521 U.S. 811, 818 (1997) (quoting *Simon*, 426 U.S. at 37).  The importance of this doctrine precludes treating the analysis as "a mechanical exercise." *Allen v. Wright*, 468 U.S. 737, 751 (1984).  Instead, standing questions are answered "chiefly by comparing the allegations of the particular complaint to those made in prior cases" as well as by referencing the "single basic idea" behind standing: the separation of powers. *Id.* at 751–52; *see also Flast v. Cohen*, 392 U.S. 83, 97 (1968) (explaining adjudication is acceptable only where it is "consistent with a system of separated powers").  The standing doctrine therefore "serves to prevent the judicial process from being used to usurp the powers of the political branches." *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 408 (2013).

---

[2] As the court concludes Garrison and Johnson have sued the wrong defendant for their injury (i.e. the Federal Government rather than Indiana), any further amendment of the complaint would be unresponsive to the jurisdictional deficiency.  That makes amendment futile. *Campania Mgmt. Co. v. Rooks, Pitts & Poust*, 290 F.3d 843, 850 (7th Cir. 2002).

"The irreducible constitutional minimum of standing contains three elements": (1) a concrete and particularized injury-in-fact that is "actual or imminent, not conjectural or hypothetical," (2) that is "fairly . . . traceable to the challenged action of the defendant" and (3) will likely be "redressed by a favorable decision." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992) (cleaned up).  Plaintiffs fail to establish the second element.

Traceability measures causation.  *Allen*, 468 U.S. at 753 n.19.  It does so to ensure the injury-in-fact does not flow from "the independent action of some third party not before the court." *Simon*, 426 U.S. at 41–42.  Relatedly, "the right to complain of *one* administrative deficiency" does not "automatically confer the right to complain of *all* administrative deficiencies." *Lewis v. Casey*, 518 U.S. 343, 358 n.6 (1996) (emphasis in original).  Were the law otherwise, a citizen injured by one law "could bring the whole structure of [government] administration" into question. *Id.*  That would be inconsistent with the carefully balanced "tripartite allocation of power," *Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc.*, 454 U.S. 464, 474 (1982), and the principle that courts will not undertake tasks assigned to other branches would be become "hollow rhetoric," *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 353 (2006).

An injury is not traceable to the decision of a defendant where the injury flows from a different, independent decision made by a third party. *Id.* at 350–53 (finding injury traceable to municipality's decision to levy tax did not create standing to challenge state decision to levy different taxes).  That means where there is nothing but a state's independent, discretionary decision to create harm, "the federal government cannot be the

cause of [plaintiff's] injuries" in the constitutional sense.  *Segovia v. United States*, 880

F.3d 384, 389 (7th Cir. 2018).

     *Segovia*, 880 F.3d at 388–89, illustrates this concept.  Congress enacted a bill that

required States to permit "overseas voters to . . . vote by absentee ballot."  *Id.* at 387.

While the federal law required States to permit absentee voting by individuals in overseas

territories, the law did not extend this command to "Puerto Rico, Guam, [and] the Virgin

Islands."  *Id.*  Illinois complied, but excluded voters, through state statute, in Guam,

Puerto Rico and the Virgin Islands from voting through absentee ballot.  *Id.*  Plaintiffs

challenged both the federal and state law.  *Id.*

     The Seventh Circuit held the plaintiffs' injuries were not traceable to the federal

law because it only provided a benefit (requiring absentee ballots in certain territories)

while Illinois law caused the harm (prohibiting absentee ballots in other territories).  *Id.* at

388.  That meant "the reason the plaintiffs cannot vote in federal elections in Illinois is

not the [federal law], but Illinois' own election law."  *Id.*  And Illinois had "wide[]"

discretion "to determine eligibility for overseas absentee ballots under its election laws."

*Id.* at 389.  As "the federal government [did not] run the elections in Illinois . . . whether

the plaintiffs can obtain absentee ballots is entirely up to Illinois."  *Id.*

     Likewise in *Pennsylvania v. New Jersey*, 426 U.S. 660 (1976), the Court held that

a unilateral decision by some States to reimburse their residents for taxes levied by other

States was not a basis to attack the other States' tax schemes.  *FEC v. Cruz*, 142 S. Ct.

1638, 1647 (2022) (describing the holding of *Pennsylvania v. New Jersey*).  The

challenged tax schemes did not require the plaintiff States to enact any law; the injury

flowed "from decisions by [plaintiffs'] respective legislatures" made at their own discretion.[3] *Pennsylvania*, 426 U.S. at 664. *Simon* is similar. 426 U.S. 26. There, the Supreme Court determined the injury of not providing emergency services to indigent patients was not traceable to an IRS policy that gave favorable tax treatment to hospitals without such services. *Id.* That was because "it was the hospitals—not the IRS—that made the decision not to treat the patients." *Segovia*, 880 F.3d at 388 (describing *Simon*, 426 U.S. at 41–42).

The same is true here. It is Indiana—not the Department of Education—that made the decision to impose a higher tax burden. (Compl. ¶ 90 (describing harm from Ind. Code § 6-3-1-3.5(a)(30))). Indiana has wide latitude to determine its own tax policy, U.S. Const. amend X; Ind. Const. art. 10 §§ 1, 8, and its decision caused Plaintiffs' injuries. The debt relief program only provides a benefit by eliminating part of Plaintiffs' debt load. As federal law only provides benefits and Indiana law solely causes the injury, whether Plaintiffs face an injury is entirely up to Indiana. Indeed, allowing a Plaintiff to subject a government program to review solely because the plaintiffs were injured by an entirely separate legal code was the exact theory of standing rejected by the *Lewis* Court. *Lewis*, 518 U.S. at 358 n.6 (describing that theory as "not the law"). Such a suit would be inconsistent with the principles governing the separation of powers as well as those undergirding our system of Federalism. *See Younger v. Harris*, 401 U.S. 37, 44–45

---

[3] Importantly, *Pennsylvania* does not stand for the principle that a party lacks standing when it self-inflicts an injury. *See Cruz*, 142 S. Ct. at 1647 (rejecting this reading and holding a party choosing to self-inflict injuries still has standing if it satisfies traceability and redressability).

(1971) (explaining "Our Federalism" represents "a system . . . in which the National Government," which necessarily includes the judiciary, will "always endeavor" to avoid "unduly interfer[ing] with the legitimate activities of the States").

Plaintiffs attempt to circumvent the precedents discussed above by distinguishing their facts.  In their view, this case is unlike *Segovia* because there "the alleged harm arose solely because of a state law decision *permitted* by federal statute" while the injury here results from "the inevitable operation of state tax law" following the administration of a federal benefits program.  (Pls.' Br. at 10) (emphasis in original).  That is no distinction at all; it simply rephrases the point.  State tax law is a state decision permitted by federal law.  As Plaintiffs concede, the thrust of *Segovia* is that "state law inflicted the harm" instead of federal law.  (*Id.*).  That is true here as well: state tax burdens are solely a state law decision—Indiana's "policymakers . . . retain broad discretion to make policy decisions concerning state" financing.  *DaimlerChrysler*, 547 U.S. at 346.  Whether Plaintiffs suffer an injury, then, is solely a matter of Indiana law.

This proposition becomes more apparent after examining those excluded from Plaintiffs' class action.  The proposed class encompasses "[a]ll persons who qualify for . . . automatic loan cancellation and reside in states imposing income tax obligations." (Am. Compl. ¶ 95).  These states are currently limited to Arkansas, Indiana, Minnesota, North Carolina, and Wisconsin.  *See* Ark. Code § 26-51-404(b)(10); Ind. Code § 6-3-1-3.5(a)(30); Minn. Stat. § 290.01(19)(f); N.C. Stat. § 105-153.5(c2)(22); Wis. Stat § 70.01. A person in California, for example, suffers no injury at all despite the application of the same federal benefits program.  The only difference between this hypothetical California

9

plaintiff and the current Plaintiffs is the decisions of their respective state legislatures. Put differently, the injury-in-fact materializes only once a state legislature decides to structure its tax code in a particular way. That theory of traceability is untenable under established standing precedents. *See, e.g.*, *Pennsylvania*, 426 U.S. at 664 ("The injuries to plaintiffs . . . result[ed] from decisions by their respective state legislatures," and as "[n]othing required" the plaintiff States to enact these laws, there was no standing.); *Segovia*, 880 F.3d at 389 (finding no standing to challenge federal law "because there is *nothing* other than [state] law" causing harm) (emphasis in original).

Plaintiffs' last redoubt misidentifies the traceability principle at issue. They argue this injury-in-fact is traceable to the Department of Education because the application of Indiana's tax code is a "predictable" result of granting student loan relief. *Dep't of Com. v. New York*, 139 S. Ct. 2551, 2566 (2019) (explaining that Article III only requires "*de facto*" causality). When the Court spoke of *de facto* causality, it spoke not of the results of the Government action but of the "predictable effect of Government action *on the decisions of third parties*." *Dep't of Com.*, 139 S. Ct. at 2566 (emphasis added). The question is, therefore, whether the federal policy influenced the decision making of a third-party in a predictable way; if the decision of the third-party is independent from the federal policy, there is no traceability. *See Bennett v. Spear*, 520 U.S. 154, 169 (1997) (explaining there is no standing where the injury "is the result of the *independent action* of some third party not before the court" but that "does not exclude injury produced by determinative or coercive effect upon the action of someone else") (emphasis in original); *see also California v. Texas*, 141 S. Ct. 2104, 2117 (2021) (explaining an "independent

third party" action will only establish traceability where the third party "will likely *react*" to the federal program) (emphasis added).  Put another way, this strand of traceability is satisfied only where the allegedly unlawful Government decision predictably encourages a third-party to decide to injure the plaintiff.  *See, e.g.*, *Lac Du Flambeau Band of Lake Superior Chippewa Indians v. Norton*, 422 F.3d 490, 501 (7th Cir. 2005).

So in *Lac Du Flambeau*, an Indian tribe had standing to challenge a gaming compact between Wisconsin and another tribe that limited the Lac Du Flambeau band's ability to start up an off-reservation casino.  *Id.*  Under the relevant statutory scheme, the United States had to reject the compact within 45 days or it would take effect and injure Plaintiff.  *Id.* at 494.  That injury, created by the compact between a State and another tribe, was traceable to the United States because the United States gave "silent approval" to the plan.  *Id.* at 501.  That silent approval predictably encouraged the third parties to enforce the plan to harm the Lac Du Flambeau tribe, which created causation.  *Id.*

That is not the issue here.  The student loan relief program did not persuade, cajole, or otherwise influence Indiana's legislature in the construction of its tax code.  Much the opposite, Indiana's "power to levy and collect taxes is one of the highest attributes of [its] sovereignty, and can only be exercised by the authority of the legislature."  *Bright v. McCullough*, 27 Ind. 223, 232 (1866).  This is not to say the federal government can never coerce a state legislature to implement a tax, as federal coercion of state legislatures does occur on occasion.  *See, e.g.*, *New York v. United States*, 505 U.S. 144, 175–77 (1992).  That is just not the case here.  The Department of Education does not give silent approval to Indiana's tax code; those decisions are entirely

11

within the discretion of the Indiana legislature.  "Given that type of unfettered discretion with respect to the plaintiffs, the federal government cannot be the cause of their injuries." *Segovia*, 880 F.3d at 389.

At bottom, "that a litigant cannot, 'by virtue of his standing to challenge one government action, challenge other governmental actions that did not injure him'" is a fundamental principle of Article III standing.  *Cruz*, 142 S. Ct. at 1650 (quoting *DaimlerChrysler*, 547 U.S. at 353 n.5).  "Standing is not dispensed in gross," *Lewis*, 518 U.S. at 359 n.6, but dispensed only toward "the challenged action" that fairly causes the injury, *Poe v. Ullman*, 367 U.S. 497, 504 (1961).  Because Garrison and Johnson fail to establish the student loan relief plan fairly caused their injury, Plaintiffs lack standing to challenge that plan and this case does not present a justiciable controversy.

## IV.   Conclusion

For the reasons discussed above, the complaint is **DISMISSED without prejudice**.  *See T.W. and M.W. v. Brophy*, 124 F.3d 893, 898 (7th Cir. 1997) (explaining dismissals for want of subject-matter jurisdiction are necessarily without prejudice).  Plaintiffs' Motions to Certify Class (Filing No. 24), for a Preliminary Injunction (Filing No. 25), and for a Temporary Restraining Order (Filing No. 26) are **DENIED as moot**.  Defendants' Motion to Dismiss for Lack of Jurisdiction (Filing No. 30) and Motion for Extension of Time to File Response (Filing No. 34) are **DENIED as moot**.

**IT IS SO ORDERED** this 21st day of October 2022.

RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Distributed Electronically to Registered Counsel of Record.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| FRANK GARRISON, on behalf of himself and all others similarly situated, and NOEL JOHNSON, on behalf of himself and all others similarly situated, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 1:22-cv-01895-RLY-TAB |
| U.S. DEPARTMENT OF EDUCATION, MIGUEL CARDONA, in his official capacity as U.S. Secretary of Education, | ) ) ) ) | |
| Defendants. | ) ) | |

## FINAL JUDGMENT

In today's Entry, the court dismissed the Plaintiffs amended complaint without

prejudice.  In doing so, the court resolved all of the claims at issue in the case.

Accordingly, the court now enters final judgment in favor of the Defendants and against

the Plaintiffs.

**IT IS SO ORDERED** this 21st day of October 2022.

RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Roger A.G. Sharpe, Clerk

BY: _Dina M. Dole_

Deputy Clerk, U.S. District Court

Distributed Electronically to Registered Counsels of Record.

# *** PUBLIC DOCKET ***

APPEAL,CLOSED

## U.S. District Court
## Southern District of Indiana (Indianapolis)
## CIVIL DOCKET FOR CASE #: 1:22-cv-01895-RLY-TAB

GARRISON v. U.S. DEPARTMENT OF EDUCATION et al

Assigned to: Judge Richard L. Young

Referred to: Magistrate Judge Tim A. Baker

Cause: 05:702 Administrative Procedure Act

Date Filed: 09/27/2022

Date Terminated: 10/21/2022

Jury Demand: Plaintiff

Nature of Suit: 899 Other Statutes:
Administrative Procedures Act/Review or
Appeal of Agency Decision

Jurisdiction: U.S. Government Defendant

**Plaintiff**

**FRANK GARRISON**
*on behalf of himself and all others
similarly situated*

represented by **Caleb Kruckenberg**
Pacific Legal Foundation
3100 Clarendon Blvd Suite 610
22201
Arlington, VA 20036-9005
202-888-6881
Email: ckruckenberg@pacificlegal.org
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Michael Poon**
Pacific Legal Foundation
555 Capitol Mall
Ste 1290
Sacramento, CA 95814
510-508-9865
Email: mpoon@pacificlegal.org
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**NOEL JOHNSON**
*on behalf of himself and all others
similarly situated*

represented by **Caleb Kruckenberg**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Michael Poon**
(See above for address)
*PRO HAC VICE*

*ATTORNEY TO BE NOTICED*

V.

**Defendant**

<table>
<tr><td><strong>U.S. DEPARTMENT OF EDUCATION</strong></td><td>represented by</td><td><strong>Cody Taylor Knapp</strong><br>DOJ-Civ<br>Civil Division, United States Department of Justice<br>1100 L Street<br>Room 12004<br>Washington, DC 20005<br>202-514-1318<br>Email: cody.t.knapp@usdoj.gov<br><em>ATTORNEY TO BE NOTICED</em><br><br><strong>Robert Charles Merritt</strong><br>DOJ-Civ<br>1100 L Street NW<br>Washington, DC 20005<br>202-616-8098<br>Email: robert.c.merritt@usdoj.gov<br><em>ATTORNEY TO BE NOTICED</em></td></tr>
</table>

**Defendant**

<table>
<tr><td><strong>MIGUEL CARDONA</strong><br><em>in his official capacity as U.S. Secretary of Education</em></td><td>represented by</td><td><strong>Cody Taylor Knapp</strong><br>(See above for address)<br><em>ATTORNEY TO BE NOTICED</em><br><br><strong>Robert Charles Merritt</strong><br>(See above for address)<br><em>ATTORNEY TO BE NOTICED</em></td></tr>
</table>

| Date Filed | # | Docket Text |
|---|---|---|
| 09/27/2022 | 1 | COMPLAINT against All Defendants, filed by FRANK GARRISON. (Filing fee $402, receipt number AINSDC-7295733) (Attachments: # 1 Civil Cover Sheet, # 2 Summons) (Kruckenberg, Caleb) (Entered: 09/27/2022) |
| 09/27/2022 | 2 | MOTION for Attorney(s) Caleb Kruckenberg to Appear pro hac vice (Filing fee $100, receipt number AINSDC-7295988), filed by Plaintiff FRANK GARRISON. (Attachments: # 1 PHV order)(Kruckenberg, Caleb) (Entered: 09/27/2022) |
| 09/27/2022 | 3 | MOTION for Attorney(s) Michael Poon to Appear pro hac vice (Filing fee $100, receipt number AINSDC-7296140), filed by Plaintiff FRANK GARRISON. (Attachments: # 1 PHV order)(Poon, Michael) (Entered: 09/27/2022) |
| 09/27/2022 | 4 | MOTION for Temporary Restraining Order , filed by Plaintiff FRANK GARRISON. (Attachments: # 1 Memo in Support, # 2 Declaration, # 3 Index of Exhibits, # 4 Exhibit 1, # 5 Exhibit 2, # 6 Exhibit 3, # 7 Exhibit 4)(Poon, Michael) (Entered: 09/27/2022) |

| 09/27/2022 | 5 | MOTION for Preliminary Injunction , filed by Plaintiff FRANK GARRISON. (Poon, Michael) (Entered: 09/27/2022) |
|---|---|---|
| 09/27/2022 | 6 | Summons Issued as to MIGUEL CARDONA, U.S. DEPARTMENT OF EDUCATION. (JRB) (Entered: 09/27/2022) |
| 09/27/2022 | 7 | MAGISTRATE JUDGE's NOTICE of Availability to Exercise Jurisdiction issued. (JRB) (Entered: 09/27/2022) |
| 09/27/2022 | 8 | NOTICE of Appearance by Robert Charles Merritt on behalf of Defendants MIGUEL CARDONA, U.S. DEPARTMENT OF EDUCATION. (Merritt, Robert) (Entered: 09/27/2022) |
| 09/28/2022 | 9 | ORDER granting 2 Motion to Appear pro hac vice. Attorney Caleb Kruckenberg for FRANK GARRISON added. Signed by Magistrate Judge Tim A. Baker on 9/28/2022. (SWM) (Entered: 09/28/2022) |
| 09/28/2022 | 10 | ORDER granting 3 Motion to Appear pro hac vice. Attorney Michael Poon for FRANK GARRISON added. Signed by Magistrate Judge Tim A. Baker on 9/28/2022. (SWM) (Entered: 09/28/2022) |
| 09/28/2022 | 11 | SCHEDULING ORDER - The court SETS this matter for a telephonic conference on SEPTEMBER 29, 2022 at 10:30 a.m. before the Honorable Richard L. Young, Judge. The information needed to participate in this telephonic conference will be provided by a separate notification. Signed by Judge Richard L. Young on 09/28/2022.(AAS) (Entered: 09/28/2022) |
| 09/28/2022 | 13 | NOTICE , filed by Defendants MIGUEL CARDONA, U.S. DEPARTMENT OF EDUCATION (Merritt, Robert) (Entered: 09/28/2022) |
| 09/29/2022 | 14 | SCHEDULING ORDER - Due to a scheduling conflict, the telephonic conference set for September 29, 2022 at 10:30 a.m. will now begin at 2:30 p.m. The dialing information provided to counsel will remain unchanged. Signed by Judge Richard L. Young on 09/29/2022.(AAS) (Entered: 09/29/2022) |
| 09/29/2022 | 15 | Minute Entry for telephonic conference held 9/29/2022 before Judge Richard L. Young. Parties appeared by telephone; Plaintiff by Caleb Kruckenberg and Michael Poon; Defendants by Robert Merritt for the telephonic conference set this date. The conference was held and concluded. Any rulings shall issue by separate order. (TMD) (Entered: 09/29/2022) |
| 09/29/2022 | 16 | ORDER denying without prejudice Plaintiff's 4 Motion for TRO and 5 Motion for Preliminary Injunction. Plaintiff has orally moved for leave to amend his complaint. That request is GRANTED, and Plaintiff will have until October 10, 2022, to file an amended complaint. Signed by Judge Richard L. Young on 9/29/2022. (TMD) (Entered: 09/29/2022) |
| 10/04/2022 | 17 | AFFIDAVIT of Service for Complaint, Notice, Consent, and Reference of a Civil Action to Magistrate Judge, Motion for Preliminary Junction, Motion for Temporary Restraining Order, Motion to Appear Pro Hac Vice of Caleb Kruckenberg, and Motion to Appear Pro Hac Vice of Michael Poon served on Department of Education on 9/27/2022, filed by FRANK GARRISON. (Attachments: # 1 Exhibit)(Kruckenberg, Caleb) (Entered: 10/04/2022) |

| 10/04/2022 | 18 | AFFIDAVIT of Service for Complaint, Notice, Consent, and Reference of a Civil Action to Magistrate Judge, Motion for Preliminary Junction, Motion for Temporary Restraining Order, Motion to Appear Pro Hac Vice of Caleb Kruckenberg, and Motion to Appear Pro Hac Vice of Michael Poon served on Miguel Cardona on 9/27/2022, filed by FRANK GARRISON. (Attachments: # 1 Exhibit)(Kruckenberg, Caleb) (Entered: 10/04/2022) |
|---|---|---|
| 10/04/2022 | 19 | SUMMONS Returned Executed by FRANK GARRISON. U.S. DEPARTMENT OF EDUCATION served on 9/27/2022. (Attachments: # 1 Exhibit)(Kruckenberg, Caleb) (Entered: 10/04/2022) |
| 10/04/2022 | 20 | SUMMONS Returned Executed by FRANK GARRISON. MIGUEL CARDONA served on 9/27/2022. (Attachments: # 1 Exhibit)(Kruckenberg, Caleb) (Entered: 10/04/2022) |
| 10/04/2022 | 21 | AFFIDAVIT of Service for Complaint, Notice, Consent, and Reference of a Civil Action to Magistrate Judge, Motion for Preliminary Junction, Motion for Temporary Restraining Order, Motion to Appear Pro Hac Vice of Caleb Kruckenberg, and Motion to Appear Pro Hac Vice of Michael Poon served on Zachary Myers on 9/27/2022, filed by FRANK GARRISON. (Kruckenberg, Caleb) (Entered: 10/04/2022) |
| 10/04/2022 | 22 | AFFIDAVIT of Service for Complaint, Notice, Consent, and Reference of a Civil Action to Magistrate Judge, Motion for Preliminary Junction, Motion for Temporary Restraining Order, Motion to Appear Pro Hac Vice of Caleb Kruckenberg, and Motion to Appear Pro Hac Vice of Michael Poon served on Merrick Garland, Attorney General on 9/27/2022, filed by FRANK GARRISON. (Attachments: # 1 Exhibit)(Kruckenberg, Caleb) (Entered: 10/04/2022) |
| 10/10/2022 | 23 | AMENDED COMPLAINT *With Class Action* against All Defendants, filed by All Plaintiffs.(Kruckenberg, Caleb) (Entered: 10/10/2022) |
| 10/10/2022 | 24 | MOTION to Certify Class , filed by Plaintiff FRANK GARRISON. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3 (Declaration))(Kruckenberg, Caleb) (Entered: 10/10/2022) |
| 10/10/2022 | 25 | MOTION for Preliminary Injunction *and Memorandum in Support*, filed by Plaintiff FRANK GARRISON. (Attachments: # 1 Memorandum in Support, # 2 Index of Exhibits, # 3 Exhibit 1, # 4 Exhibit 2, # 5 Exhibit 3, # 6 Exhibit 4, # 7 Exhibit 5, # 8 Exhibit 6)(Kruckenberg, Caleb) (Entered: 10/10/2022) |
| 10/10/2022 | 26 | MOTION for Temporary Restraining Order , filed by Plaintiff FRANK GARRISON. (Kruckenberg, Caleb) (Entered: 10/10/2022) |
| 10/12/2022 | 27 | STIPULATION *to Enter Proposed Briefing Schedule*, filed by Defendants MIGUEL CARDONA, U.S. DEPARTMENT OF EDUCATION. (Merritt, Robert) (Entered: 10/12/2022) |
| 10/13/2022 | 28 | MARGINAL ENTRY APPROVING, re 27 Briefing Schedule. Signed by Judge Richard L. Young on 10/13/2022.(JRB) (Entered: 10/13/2022) |
| 10/18/2022 | 29 | MOTION for Leave to File Excess Pages , filed by Defendants MIGUEL CARDONA, U.S. DEPARTMENT OF EDUCATION. (Attachments: # 1 Text of Proposed Order) (Merritt, Robert) (Entered: 10/18/2022) |

| 10/18/2022 | 30 | MOTION to Dismiss for Lack of Jurisdiction , filed by Defendants MIGUEL CARDONA, U.S. DEPARTMENT OF EDUCATION. (Merritt, Robert) (Entered: 10/18/2022) |
|---|---|---|
| 10/18/2022 | 31 | RESPONSE in Opposition re 25 MOTION for Preliminary Injunction *and Memorandum in Support*, 26 MOTION for Temporary Restraining Order *and in Support of Motion to Dismiss*, filed by Defendants MIGUEL CARDONA, U.S. DEPARTMENT OF EDUCATION. (Attachments: # 1 Exhibit 1 (Kvaal Decl.))(Merritt, Robert) (Entered: 10/18/2022) |
| 10/18/2022 | 32 | NOTICE of Appearance by Cody Taylor Knapp on behalf of Defendants MIGUEL CARDONA, U.S. DEPARTMENT OF EDUCATION. (Knapp, Cody) (Entered: 10/18/2022) |
| 10/19/2022 | 33 | REPLY in Support of Motion re 25 MOTION for Preliminary Injunction *and Memorandum in Support* , filed by Plaintiffs FRANK GARRISON, NOEL JOHNSON. (Kruckenberg, Caleb) (Entered: 10/19/2022) |
| 10/20/2022 | 34 | MOTION for Extension of Time to File Response to November 22, 2022 re 24 MOTION to Certify Class , filed by Defendants MIGUEL CARDONA, U.S. DEPARTMENT OF EDUCATION. (Attachments: # 1 Text of Proposed Order)(Merritt, Robert) (Entered: 10/20/2022) |
| 10/21/2022 | 35 | Exhibit 1 to Reply in Support of 33 Motion for Preliminary Injunction filed by Plaintiffs FRANK GARRISON, NOEL JOHNSON. (Attachments: # 1 Exhibit) (Kruckenberg, Caleb) Modified on 10/24/2022 (JRB). (Entered: 10/21/2022) |
| 10/21/2022 | 36 | ENTRY DISMISSING PLAINTIFFS' AMENDED COMPLAINT - The complaint is DISMISSED without prejudice. Plaintiffs' Motions to Certify Class (Filing No. 24 ), for a Preliminary Injunction (Filing No. 25 ), and for a Temporary Restraining Order (Filing No. 26 ) are DENIED as moot. Defendants' Motion to Dismiss for Lack of Jurisdiction (Filing No. 30 ) and Motion for Extension of Time to File Response (Filing No. 34 ) are DENIED as moot. SEE ORDER. Signed by Judge Richard L. Young on 10/21/2022. (KAA) (Entered: 10/21/2022) |
| 10/21/2022 | 37 | FINAL JUDGMENT - In today's Entry, the court dismissed the Plaintiffs amended complaint without prejudice. In doing so, the court resolved all of the claims at issue in the case. Accordingly, the court now enters final judgment in favor of the Defendants and against the Plaintiffs. Signed by Judge Richard L. Young on 10/21/2022.(KAA) (Entered: 10/21/2022) |
| 10/21/2022 | 38 | NOTICE OF APPEAL as to 37 Closed Judgment, 36 Order on Motion to Certify ClassOrder on Motion for Preliminary InjunctionOrder on Motion for TROOrder on Motion for Leave to File Excess PagesOrder on Motion to Dismiss/Lack of JurisdictionOrder on Motion for Extension of Time to File Response, filed by Plaintiffs FRANK GARRISON, NOEL JOHNSON. (Filing fee $505, receipt number AINSDC-7335209) (Kruckenberg, Caleb) (Entered: 10/21/2022) |
| 10/21/2022 | 39 | PARTIES' SHORT RECORD re 38 Notice of Appeal **- Instructions for Attorneys/Parties attached.** (LF) (Entered: 10/24/2022) |

**Case #: 1:22-cv-01895-RLY-TAB**